E-FILING

MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

DAVID R. CALLAWAY (CABN 121782)
Assistant United States Attorney

    150 Almaden Boulevard, Suite 900
    San Jose, California 95113
    Telephone: (408) 535-5596
    Fax: (408) 535-5066
    Email: David.Callaway@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 14 00349 EJD HRL |
| Plaintiff, | VIOLATION: 18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(i) – Intentionally Causing Damage to a Protected Computer; 18 U.S.C. §§ 982(a)(2)(B) and 1030(i) – Criminal Forfeiture |
| v. | |
| CAMERON LACROIX, | |
| Defendant. | SAN JOSE VENUE |

## INFORMATION

The United States Attorney charges:

At all times relevant to this Information, unless otherwise indicated:

### Background

1.    Cameron LACROIX, who was also known by his online monikers "cam0," "@Freak," and "leetjones," lived in New Bedford, Massachusetts.

2.    Zendesk, a company based in San Francisco, California, provided a helpdesk platform for numerous companies, including Twitter, also headquartered in San Francisco. When a Twitter user had an issue with his or her account and submitted a trouble ticket, it was stored and managed at Zendesk

INFORMATION

and routed to a Twitter employee to be resolved.

3. Between February 16 and February 19, 2013, LACROIX identified and exploited a website vulnerability to create Zendesk accounts with elevated privileges. He used this heightened access to disable a security measure designed to ensure that only Twitter employees could view Twitter helpdesk information stored at Zendesk, such as support tickets, customer email addresses, and other contact information. LACROIX was thereby able to see all support tickets for any of Zendesk's customers, including Twitter. LACROIX then exported approximately one million Twitter support tickets to computers outside of Zendesk's network. Those support tickets included email addresses and contact information for each customer.

4. LACROIX identified the email addresses that were used to register Twitter accounts for Jeep and Corporation A. After compromising and taking control of those email addresses, he submitted password reset requests for those accounts; Twitter's responses were sent to the compromised email addresses, which LACROIX now controlled. LACROIX changed the passwords to Jeep and Corporation A's Twitter accounts, assumed control of those accounts, and proceeded to deface them with text and pictures. (For example, Corporation A's feed falsely reported that the company had been sold to its chief competitor.) LACROIX also deleted the incoming support tickets those companies attempted to submit to Zendesk reporting that their Twitter accounts had been hijacked.

5. Zendesk and Twitter incurred combined losses of over $200,000 in responding to the attacks.

COUNT ONE: (18 U.S.C. §§ 1030(a)(5)(A) and (c)(4)(B)(i) – Intentionally Causing Damage to a Protected Computer)

6. Paragraphs 1 through 5 are realleged and incorporated as if fully set forth here.

7. On or about and between February 16 and 19, 2013, in the Northern District of California, the defendant,

CAMERON LACROIX,

knowingly caused the transmission of a program, information, code, and command, and as a result of such conduct intentionally caused damage without authorization to a protected computer belonging to Zendesk;

INFORMATION

2

All in violation of Title 18, United States Code, Sections 1030(a)(5)(A) and (c)(4)(B)(i).

FORFEITURE ALLEGATION: (18 U.S.C. § 982(a)(2)(B) and 1030(i) – Forfeiture of Property Used to Commit the Offense and Proceeds Derived Therefrom)

8. Paragraphs 1 through 5 as well as the factual allegations contained in Count One are alleged and by this reference fully incorporated here for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 982(a)(2)(B) and 1030(i).

9. Upon conviction of the offense alleged in Count One of this Information, the defendant,

CAMERON LACROIX,

shall forfeit to the United States of America the following:

(a) Pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and

(b) Pursuant to Title 18, United States Code, Section 1030(i), any personal property that was used or intended to be used to commit or to facilitate the commission of such offense, including one red and black Gigaware 8GB thumb drive and one Toshiba laptop computer, both seized by law enforcement on May 8, 2013.

10. If any of said property, as a result of any act or omission of the defendant –

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1), 1030(i)(2), and Rule 32.2 of the Federal Rules of Criminal

//

INFORMATION

1 | Procedure.

2 | DATED: 7/2/14

MELINDA HAAG
United States Attorney

MATTHEW A. PARRELLA
Chief, Computer Hacking/Intellectual Property

(Approved as to form: _____)
AUSA David R. Callaway

INFORMATION

AO 257 (Rev. 6/78)

**E-FILING**

| DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT |
|---|

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

**— OFFENSE CHARGED —**

18 U.S.C. § 1030(a)(5)(A) and (c)(4)(B)(i) - Intentionally Causing Damage to a Protected Computer

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Up to 10 years imprisonment, $250,000 fine (or twice the gross gain or gross loss), 3 year term of supervised release, $100 special assessment, plus restitution

CR14 00349

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

Filed
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**— DEFENDANT - U.S.**
▶ CAMERON LACROIX

DISTRICT COURT NUMBER
00349 EJD HRL

**— PROCEEDING —**

Name of Complaintant Agency, or Person (& Title, if any)

S/A Scott Hellman, FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   MELINDA HAAG
☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   DAVID R. CALLAWAY

**— DEFENDANT —**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
} If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... If Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**— ADDITIONAL INFORMATION OR COMMENTS —**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
c/o Behzad Mirhashem, 51 Sleeper St., 5th Floor, Boston, MA 02210

Date/Time:               Before Judge:

Comments: Defendant will submit request to transfer case to the District of Massachusetts per Rule 20, Fed. R. Crim. P.

United States District Court
Northern District of California



Filed
E-FILING

JUL 2 - 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# CRIMINAL COVER SHEET

**Instructions:** Effective January 3, 2012, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.

**Case Name:**
USA v. Cameron Lacroix

**Case Number:** CR 14 00349 EJD HRL

**Total Number of Defendants:**
1 ✓     2-7 ☐     8 or more ☐

**Is This Case Under Seal?**
Yes ☐     No ✓

**Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?**
Yes ☐     No ✓

**Venue (Per Crim. L.R. 18-1):**
SF ☐   OAK ☐   SJ ✓   EUR ☐   MON ☐

**Is any defendant charged with a death-penalty-eligible crime?**
Yes ☐     No ✓

**Assigned AUSA (Lead Attorney):**
David R. Callaway

**Is this a RICO Act gang case?**
Yes ☐     No ✓

**Date Submitted:**
July 2, 2014

**Comments:**

Save   Print   Clear Form

July 2013