UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Case No. 14-CR-10227-PBS |
| | ) |
| CAMERON LACROIX | ) |

### MOTION TO COMPEL U.S. PROBATION FOR DOCUMENTS

    Defendant Cameron Lacroix, Pro Se, respectfully requests that the Court compel the U.S. Probation department to produce records in its custody relating to his supervised release related to this case, 14-CR-10227-PBS. Defendant states that he is seeking any and all records from September 3, 2018 to the present to support a pending civil action asserting that the Government is actively trying to manufacture false evidence against him and that they've engaged in psychological warfare in an effort to destroy his life *(see 25-CV-13452-MPK)*.

    Additionally, the Defendant recently requested that a search warrant be unsealed *(see 19-MJ-4021-DHH)* which was connected to the dual revocation hearings linked to this case in 2019. The request was granted and it's application was found to contain information that was previously unknown to defense at the time of the contested hearing. One of those learnings included the fact that Mr. Lacroix's Probation Officer provided inaccurate information to the Special Agent that factored into the Court's finding of probable cause. To support the assertion that the Defendant misused his position at U-Haul the Special Agent swore that he had previously abused his position at Zendesk to hack into Twitter. The Defendant never worked for Zendesk in his lifetime and that statement was made recklessly. In January of 2019 the Defendant submitted a letter to the Court in January of 2019 stating that his probation officer had misled this Court when he had filed a Notice of Non-Compliance concerning an Offender On Supervision a month prior and the search warrant strengthens that claim.

    If the records cannot be feasibly provided then the Defendant would be willing to review the records on site at a U.S. Probation Office local to him as long as he's authorized to

photograph any records he deems relevant and be able to take notes as needed. In support of this motion, the undersigned states:

1. I was supervised by U.S. Probation Officer Justin Prophet starting on September 3, 2018 after my probation was transferred from another officer.

2. I sent a letter to the Court's Chief Justice at the time, your Honor, concerning some matters that I had suffered at the hands of U.S. Probation.

3. This letter alleged that the Probation Office lied on a Report of Non-Compliance that was filed with the Court as I had told Probation that I turned the computer on two hours ago, not that I was surfing the Internet for two hours without monitoring.

4. At the conclusion of this meeting I ultimately told Mr. Prophet that I would give the computer to my parents and later texted him that their address was in Fairhaven, Massachusetts.

5. In February of 2019 Special Agent Amy Z. Diamond of the FBI submitted an application for a search warrant *(see 19-mj-4021-DHH)* which was recently unsealed in December of 2025 and never provided to the Defendant prior to or during his revocation hearings. This warrant was sought to retrieve cell site information related to a cellular telephone.

6. This Special Agent swore to Magistrate Judge David H. Hennessey that in 2014 I had pled guilty to information "charging him with utilizing his position at a helpdesk platform to obtain credentials for Burger King and Jeep's corporate Twitter accounts".

7. The search warrant was sought to support an investigation concerning an allegation that I had allegedly conducted a scheme using my position at another company. The statement that I had worked at a helpdesk company was a materially false statement as I had never physically worked at either Zendesk nor Twitter which were both based in California at the time.

8. Agent Diamond's Application also noted that USPO Justin Prophet told her that my family resided in New Bedford, MA which was another materially false statement, specifically used to justify the probable cause section of the affidavit.

9. During the revocation hearings it was noted that I had provided a number of urine samples pursuant to the Court's condition that I provide not more than 104 tests per year as a condition of supervision. I recall that one test was positive for Fentanyl which came back from the secondary lab as positive for not one but two substances, Fentanyl and Buprenorphine.

10. There were multiple tests that flagged for fentanyl, a substance that I had adamantly denied using at that time. These were not formally charged as violations as the secondary labs came back negative.

11. After U.S. Probation informed me that the first test had come back as a positive I began getting my own tests from a certified lab immediately after I would provide any sample to U.S. Probation. After each test that Probation claimed was a fentanyl positive I travelled to Fastest Labs in East Boston, MA to be specifically tested for fentanyl. Each test costed me over $100.00 and all were negative.

12. It was my personal belief that the Probation department had been trying to manufacture evidence of drug use to support a theory that I had fallen off track which could have influenced a hacking operation.

13. I self-surrendered on July 24, 2019 and prior to turning myself in U.S. Probation conducted a home visit. During this visit U.S. Probation Officer Justin Prophet was accompanied by another assumed member of Probation.

14. At the conclusion of the visit one of the two officers had difficulty opening my door because the lock was stuck. I sarcastically joked that the lock may be trapped. The man accompanying Mr. Prophet told me "if you touched us then you would be dead".

15. Both individuals left my apartment and I observed them talking for approximately 10-15 minutes in my parking lot before leaving. I did not report this out of fear for my safety.

16. On November 19, 2025 I filed a civil complaint *(see 25-cv-13452-MPK)* alleging that the Federal Bureau of Investigation and others unknown have harassed me in public, hacked my family's wireless network, and planted evidence in a vehicle I rode in and also in my Google account. Their actions took place in 2025 and I believe that the agents have been engaging in similar conduct possibly for several years as I heard an agent allude to their timeline.

17. In conjunction with my lawsuit I have two audio recordings that consist of an undercover investigator speaking about me, my lawsuit, and the fact that "they can do anything they want" to me because they can hit me with "distribution".

18. Based on the recordings I know that an FBI Supervisor relayed to his/her agents that the case was being administratively moved back a step and all of their applications against me were temporarily being retracted.

19. Case Agents will be reporting to an unknown location on January 5, 2026 to be interviewed regarding some of the alleged misconduct cited in my lawsuit. Based on the recording I know it has to do with the fact that I coincidentally discovered that an undercover agent was arrested for OUI during the course of the investigation.

20. I am requesting my supervised release case file in order to seek out evidence that supports my position that the Government has not only provided materially false information to get a search warrant but that U.S. Probation had access to my passwords which include the one linked to my family's wireless network, my social media accounts, and my Google Account which all have been illegally accessed based on login notifications and other events.

21. I firmly believe that the Government likely conducted illegal activities from my wireless network as I have not engaged in any activities that would yield the very level of surveillance and harassment that I am enduring.

22. My civil complaint details multiple instances of FBI agents harassing me in public spaces and surveilling me so intensely to the point that I would not dare set my foot on a plane without the fear of being arrested or detained.

WHEREFORE, the undersigned counsel respectfully requests that this Court enter an Order granting this motion to compel for the purposes cited.

Dated: 12/12/2025

Respectfully submitted,

*Cameron Lacroix*
Cameron Lacroix
PO Box 620144
Newton, MA 02466
617-539-6662
cameronlacroix@proton.me

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 15, 2017.

*Cameron Lacroix*
Cameron Lacroix

12/12/25

Cameron Lacroix
Pro-se
PO Box 620144
Newton, MA 02466
cameronlacroix@proton.me